# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2010

Charles R. Fulbruge III
Clerk

No. 09-10475
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH WILLIAM WOLFE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CR-62-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Joseph William Wolfe was convicted of possession with intent to distribute 500 grams and more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Wolfe appeals the district court's denial of his pretrial motion to suppress. He argues that his detention following the initially valid traffic stop was unconstitutionally prolonged and that his consent to the search of his rental vehicle was not valid.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review findings of fact made by a district court on a motion to suppress for clear error and the district court's ultimate conclusions on Fourth Amendment issues de novo, viewing the evidence in the light most favorable to the prevailing party, in this case, the Government. *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003). We evaluate the legality of a traffic stop and a subsequent search under the familiar test of *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). Wolfe contends that Trooper Dollar's suspicions were not reasonable and that after the decision was made to issue a warning, the continued detention was unreasonable. Contrary to Wolfe's assertion, Trooper Dollar had developed a reasonable and objective suspicion that Wolfe was engaged in illegal activity. At the time the computer checks came back clear, the emerging facts included (1) the observation in plain view of the torch lighter and butane canisters inside the vehicle and the large glass beaker in the trunk, items Trooper Dollar knew through his experience and training to be associated with methamphetamine; (2) the inconsistent statements of Wolfe and his passenger regarding the purpose of their trip and whom they visited in Phoenix; (3) the one-way rental of the vehicle; (4) the fact that Wolfe and his passenger were traveling from Phoenix, a known hub city for drug distribution; (5) Wolfe's increasing nervousness; and (6) the contradictory statements of Wolfe and his passenger regarding possession of the torch lighter. Trooper Dollar's actions were justified as a graduated response to emerging facts, were reasonable under the totality of the circumstances, and did not unconstitutionally extend Wolfe's detention. *See Brigham*, 382 F.3d at 506-09.

With regard to Wolfe's consent to the search of the vehicle, we review the district court's finding that his consent was voluntary for clear error. *See United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). The voluntariness inquiry turns on the evaluation of six factors. *United States v. Shabazz*, 993 F.2d 431, 438 (5th Cir. 1993). With regard to Wolfe's initial consent to the search, the

2

district court found, inter alia, that Wolfe's custodial status was minimal, there was an absence of coercive police tactics, Wolfe had freely provided information to Trooper Dollar, Wolfe's subsequent withdrawal of consent evidenced his awareness that consent could be withdrawn, and Wolfe had an advanced education level; and that such factors weighed in favor of a finding that he voluntarily gave his consent to the search. Because no single factor is dispositive and because there were sufficient facts that together support the voluntariness of Wolfe's consent, there is no clear error. *See Solis*, 299 F.3d at 436 & n.21. Similarly, with regard to Wolfe's withdrawal of consent and subsequent reinstatement of consent, the district court found that such reinstatement was voluntary and not a product of coercion or threats given by Trooper Dollar. Given that the balance of the factors tend to support the district court's finding of voluntariness of Wolfe's reinstatement of consent, there is no clear error. *See id*.

AFFIRMED.